FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 7 2007

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01458-BNB

ALFRED KAUFMAN, # 120388

    Applicant,

v.

WARDEN KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION ON A COURT-APPROVED FORM

On July 25, 2007, Applicant Alfred Kaufman filed a Response to Order to Show Cause. In the Response, Mr. Kaufman requests that the Court delete his Rule 11 Advisement Claim and rule on the remaining claims that he presents in the Application. The Court finds that Mr. Kaufman is attempting to amend his Application.

An amended application supersedes the original application. **See Boelens v. Redman Homes, Inc.**, 759 F.2d 504, 508 (5th Cir. 1985); **Cameron v. Fogarty**, 705 F.2d 676 (2d Cir. 1983); **London v. Coopers & Lybrand**, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, **Federal Practice and Procedure** § 1476 (1990). Therefore, Applicant is directed to file a new completed Court-approved 28 U.S.C. § 2254 application form that includes only the claims he now desires to present to this Court in the instant action.

Applicant also is instructed that he must show how he has exhausted the claims that he asserts in the Amended Application. It appears to the Court that Mr. Kaufman has failed to exhaust all of the claims he sets forth. He states on the form, with respect to Claims One, Two, and Three, that he was not required to raise a constitutional violation in the "lower court." (Application at 5-6.) In Claims Four and Five he fails to make any statement about the exhaustion of these claims in state court.

Applicant asserts that he made a mistake and did not realize that he was required to exhaust his constitutional violation claims in state court. He now appears to request that the Court overlook his mistake and exempt him from having to exhaust his state court remedies. Mr. Kaufman was informed in the Court's July 16, 2007, Order that the exhaustion requirement is not overlooked lightly. The Court finds no reason to waive the exhaustion requirement.

Mr. Kaufman may elect to pursue in this action only those claims for which state remedies already have been exhausted, although it does not appear, based on the allegations Applicant sets forth in the Application, that any of his claims are exhausted. Applicant also is advised that a decision to immediately pursue any exhausted claims likely will bar him from seeking review in a second or successive application of other unexhausted claims that he may exhaust in state court in the future. *See* 28 U.S.C. § 2244(b). Accordingly, it is

ORDERED that Applicant file an Amended Application as instructed above, **within thirty days from the date of this Order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Applicant, together with a copy of this Order, two copies of the Court-approved form used in filing 28 U.S.C. § 2254 actions. It is

FURTHER ORDERED that if Applicant fails to properly amend the Application, **within thirty days from the date of this Order**, and assert only the exhausted claims, as instructed above, the Application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 27th day of July, 2007.

BY THE COURT:

s/ Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01458-BNB

Alfred J. Kaufman
Reg. No. 120388
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/27/07

                                            GREGORY C. LANGHAM, CLERK

                                            By: _____
                                                        Deputy Clerk