IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07–cv–01458–REB–KMT

ALFRED KAUFMAN,

    Petitioner,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on Petitioner's Amended Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Application") (Doc. No. 7, filed August 8, 2007). Pursuant to the Order of Reference dated August 15, 2007 (Doc. No. 12), this court has reviewed the Application, Respondents' Answer ("Answer") (Doc. No. 16, filed August 30, 2007), the pertinent parts of the state court record, the case file, and the applicable law, and is sufficiently advised to recommend that Petitioner's Application be DISMISSED WITH PREJUDICE.

## I.     BACKGROUND

Petitioner is currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections in Sterling, Colorado. (Answer at 1–2.) On April 10, 2003, Petitioner was charged with one count of sexual assault on a child. (Answer, Ex. A at 2.) On October 14, 2003, a jury acquitted him of the charged offense, but instead found Petitioner guilty of the lesser offense of criminal attempt to commit sexual assault on a child pursuant to Colo. Rev. Stat. § 18–3–405 (2004). (*Id.*) On January 5, 2004, the court found aggravating circumstances and sentenced Petitioner to six years in prison, with an additional two years of parole. (Tr. of Sentencing Hr'g at 22, *People v. Kaufman,* 03CR1771 (Denver Dist. Ct. 2003).) However, thereafter, on August 9, 2004, the court reduced Petitioner's sentence to three years in prison, with all other aspects of the sentence remaining the same, finding that pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004), his original sentence had been unconstitutionally enhanced. (Answer, Attach. to Ex A.)

Petitioner took a direct appeal claiming that: (1) the trial court erred in permitting the prosecutor to refer to the complaining child witness as the "victim" because this reference violated Petitioner's right to be presumed innocent and improperly invaded the province of the jury, and (2) the trial court erroneously admitted evidence of Petitioner's prior sexual misconduct which allegedly occurred in 1968.[1] (*See* Answer, Ex. A.) The Colorado Court of Appeals affirmed the conviction on November 9, 2006, holding that any reference to the complaining

---

[1] Petitioner also raised a third claim before the Colorado Court of Appeals that is unrelated to his present Application.

witness as the "victim" was harmless error because, for the majority of the trial, including in the jury instructions, the complaining witness was referred to by her name. (Answer, Ex. C at 1–3.) The Court of Appeals also held that the trial court did not abuse its discretion in admitting the testimony of Petitioner's prior wrongs because, although the prior wrongs were remote in time, the testimony was admissible pursuant to Colorado Rule of Evidence ("C.R.E.")404(b) and Colo. Rev. Stat. 18–3–405(1) (2006) for the limited purpose of proof that Petitioner acted knowingly and with the purpose of sexual arousal gratification or abuse. (*Id.* at 3–7.) On May, 29, 2007, the Colorado Supreme Court denied Petitioner's Application for Writ of Certiorari. (Answer, Ex. E.)

Petitioner filed his present Application on August 8, 2007 in this court alleging claims that: (1) the trial court erred in admitting other-act evidence, which was "perjured testimony . . . from 35 years ago of an alleged offense that was never taken to the Court and proven"; (2) the trial court allowed testimony of the two "witnesses (victims)" even when the prosecution knew they were lying; (3) the trial court erroneously allowed a "plea agreement" to be made in court while the jury was deliberating on Petitioner's case, where the prosecution "did not have the authority to make a plea agreement," and where Petitioner "was going to be acquitted of all charges"; (4) the prosecution's witnesses perjured themselves; and (5) the court erroneously permitted the prosecutor to refer to the alleged victim as the "victim."

## II.     LEGAL STANDARDS

### A.     **Pro Se** *Applicant*

Petitioner is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a Petitioner can prove facts that have not been alleged, or that a defendant has violated laws in ways that a Petitioner has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a [Petitioner's] complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the [Petitioner] in the absence of any discussion of those issues"). The Petitioner's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B.     *Title 28 U.S.C. § 2254*

Pursuant to 28 U.S.C. § 2254(d) an application for writ of habeas corpus may be granted only if it is based on an underlying state court decision that (1) is "contrary to . . . clearly

established Federal law, as determined by the Supreme Court, or (2) involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court." *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); *see also Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999). A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *Williams*, 529 U.S. at 406. A decision involves an unreasonable application of clearly established federal law when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Id.* at 409. However, the Court "may not issue the writ simply because [it concludes] in [its] independent judgment that the state court applied the law erroneously or incorrectly. Rather, [the Court] must be convinced that the application was also 'objectively unreasonable.'" *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 566 n.4 (10th Cir. 2000), *overruled on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).

In addition, a presumption of correctness exists regarding trial and appellate court findings of fact pursuant to this Court's habeas review. *Sumner v. Mata*, 455 U.S. 591, 592–93 (1982). As such, Applicant bears the burden of rebutting this presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).

### III.  *SUBJECT-MATTER JURISDICTION*

The court first inquires as to whether it has subject matter jurisdiction over this case. *McGeorge v. Continental Airlines,* 871 F.2d 952, 953 (10th Cir. 1989) (holding that even where neither party has raised the issue, the court has a duty to inquire into its own jurisdiction). As Respondents have anticipated in their Answer (Answer at 2 n.1), it appears that Petitioner discharged his three-year prison sentence with the Colorado Department of Corrections on December 12, 2007. (Answer, Ex. A at 2.) Indeed, a search of the Colorado Department of Corrections website turned up no record of Petitioner as a current prisoner and Petitioner filed a change of address with this court on December 12, 2007. However, although 28 U.S.C. § 2254(a) requires that a person applying for habeas relief must be "in custody" to obtain federal habeas relief, if a prisoner was in custody at the time he filed his application, "'federal jurisdiction . . . is not defeated by the release of the petitioner prior to the completion of the proceedings on such application.'" *Rutledge v. Sunderland,* 671 F.2d 377, 379 (10th Cir. 1982) (quoting *Carafas v. Lavellee,* 391 U.S. 234, 238 (1968)). Therefore, despite Petitioner's release from state prison, the court retains subject-matter jurisdiction over his present Application.

### III.  *ONE-YEAR LIMITATION PERIOD FOR FILING APPLICATION FOR FEDERAL HABEAS RELIEF*

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

## IV.     *EXHAUSTION OF CLAIMS IN STATE COURT AND PROCEDURAL DEFAULT*

Respondents concede that Petitioner's first claim—that evidence of other prior acts of alleged sexual assault were erroneously admitted—and fifth claim—that the prosecution's reference to the complaining witness as the "victim" was prejudicial error—were properly exhausted in state court pursuant to 28 U.S.C. § 2254(b)(1).  However, Respondents maintain that this court should dismiss Petitioner's second, third, and fourth claim because by not raising these claims before any state appellate court, Petitioner failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), and further because state procedural rules would now bar Petitioner from seeking further relief in state court, these claims has been procedurally defaulted. (Answer at 8–9.)

### A.      *28 U.S.C. § 2254(b)(1)– Exhaustion of State Court Remedies*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999);  *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that

he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Petitioner's second claim—that the trial court permitted testimony of the victims even though the prosecution knew that the testimony was perjured—was not raised on appeal before the Colorado Court of Appeals, nor in his petition for certiorari to the Colorado Supreme Court. Similarly, Petitioner's third claim—that the court erroneously allowed a "plea agreement"[2] where the prosecution "did not have the authority to make a plea agreement" and when Petitioner was going to be acquitted of all charges—was never raised in state court.  Lastly, Petitioner's fourth claim—that his conviction was based on perjured testimony—was also never raised before any state appellate court.  Thus, for purposes of habeas review in this court, Petitioner's second, third and fourth claims are unexhausted pursuant to 28 U.S.C. § 2254(b)(1).

### B.     *Procedural Default of Unexhausted Claims*

"Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued."  *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  However, "if the court to

---

[2] Petitioner was convicted of attempted sexual assault by a jury.  Therefore it is unclear what Petitioner means when he alleges in his third claim that the trial court erred in "allowing a plea agreement."  Respondents construe Petitioner's third claim to alleged that it was impermissible for the trial court to permit him to be convicted of the lesser-included offense of attempted sexual assault of a child, rather than the charge offense, sexual assault of a child. (Answer at 6.)  The court finds Respondent's construction of this claim to be the most reasonable construction and, therefore, for purposes of this Recommendation, treats this claim as such herein.

which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Subject to enumerated exceptions, claims that could have previously been brought on direct appeal or in postconviction proceedings must be denied." *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007) (citing Colo. R. Crim. P. 35(c)(3)(VII)). Petitioner's second, third, and fourth claims could have been raised on his direct appeal to the Colorado Court of Appeals. Thus, none of the specifically enumerated exceptions to Colorado's successive post-conviction motions rule apply to Petitioner's second, third, and fourth claims. Accordingly, pursuant to Colo. R. Crim. P. 35(c)(3)(VII), because Petitioner could have brought these claims on direct appeal, but failed to do so, any future assertion of this claim in a post-conviction motion would be denied as successive in state court. Therefore, because no further state court remedy exists, Petitioner's unexhausted second, third, and fourth claims are procedurally defaulted in this court.

### C.     *Exceptions to Procedural Default*

The court must next determine whether an exception to the procedural default rule applies that would allow Petitioner's second, third, and fourth claims to be heard here. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749–50; *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Petitioner's *pro se* status does not exempt him from the requirement of showing either cause and prejudice or a fundamental miscarriage of justice. *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

In order to meet the "cause" element of the cause and prejudice standard, a Petitioner must show that "some objective factor external to the defense" caused his failure to properly raise his federal constitutional claims in state court. *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Lepiscopo*, 38 F.3d at 1130. Petitioner has not alleged that he was prevented from raising his second, third, and fourth claims in state court at all, much less that his procedural default was the result of some objective, extrinsic factor beyond his control.

The far more stringent test to excuse procedural default, the fundamental miscarriage of justice exception, is an "extremely narrow exception, implicated only in an extraordinary case, 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting *Murray*, 477 U.S. at 496)). To invoke the fundamental miscarriage of justice exception, a petitioner must "provide[] the court with a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 928 n.3 (10th Cir. 2000) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Petitioner's only assertion of his innocence is his conclusory statement that "he was going to be acquitted of all the charges" of

sexual assault against him. (Application at 5.) However, this statement falls well short of constituting a "colorable showing of factual innocence" as required to invoke the narrow miscarriage of justice exception to procedural default.

Therefore, because neither the cause and prejudice or the miscarriage of justice exceptions apply to Petitioner, his second, third, and fourth claims raised in the present Application were procedurally defaulted pursuant to an independent and adequate state procedural rule, and are therefore barred in this court as well.

## VI.     ANALYSIS ON THE MERITS

### A.     First Claim—Admission of Other Act Evidence

Petitioner's first claim asserts that the trial court erroneously admitted other-act evidence, which was "perjured testimony" and was "never taken to court and proven." (Application at 5.) More specifically, and consistent with his second claim before the Colorado Court of Appeals, the court construes Petitioner's first claim to assert that the trial court erred in permitting Ms. Vicki Ahern, Petitioner's niece, to testify that she was sexually assaulted by Petitioner in 1968 and, consequently, violated his rights to due process and a fair trial under the Sixth and Fourteenth Amendments of the United States Constitution. (*See* Answer, Ex. A at 11–24.)

First, to the extent that Petitioner argues that Ms. Ahern's testimony was perjured, and, by implication, attempts to assert that the prior instances of sexual assault never occurred, his position is unavailing. Initially, the court notes that Petitioner never claimed at any point in state court that Ms. Ahern's testimony was false or perjured. Moreover, on federal habeas review, the

trial court's findings of fact are entitled to a presumption of correctness and may only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The record shows that the trial court found, by a preponderance to the evidence, that Petitioner's prior wrong acts involving Ms. Ahern had indeed occurred. (Tr. of 404(b) Mot. Hr'g at 19, *Kaufman,* 03CR1771.) In disputing the trial court's factual finding that Petitioner had previously sexually assualted Ms. Ahern, Petitioner has made only conclusory allegations that the prior acts never occurred by alleging, without factual support, that Ms. Ahern's testimony was "perjured" and the prior acts were "never taken to court and proven." (Application at 5.) Therefore, Petitioner has failed to satisfy his heavy burden of establishing, by clear and convincing evidence, that Petitioner's prior sexual assaults of Ms. Ahern did not occur or, consequently, that her testimony was perjured. Accordingly, this court's review is limited to whether the trial court's *admission* of Ms. Ahern's testimony regarding Petitioner's prior wrong acts entitles Petitioner to habeas relief.

Federal habeas review does not lie to reexamine state law questions on the admissibility of evidence. *Moore v. Marr ,* 254 F.3d 1235, 1246 (10th Cir. 2001); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Rather, federal habeas relief is only warranted where a state evidentiary ruling "rendered the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Moore,* 254 F.3d at 1246. Federal courts should not "disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Hopkinson v. Shillinger,* 866 F.2d 1185, 1197 (10th Cir. 1989), *overruled on other grounds by Sawyer v. Smith,* 497 U.S. 227 (1990).

The trial court's admission of Ms. Ahern's testimony regarding the prior acts of sexual assault committed by Petitioner was not contrary to, or an unreasonable application of, clearly established federal law. The trial court admitted Ms. Ahern's testimony for a number of valid purposes. More specifically, the trial court held that the Petitioner's prior acts involving Ms. Ahern closely resembled the present case and, consequently, her testimony was highly relevant to the issues of "motive, common plan, scheme, design, and state of mind." (Tr. of 404(b) Mot. Hr'g at 19–20, *Kaufman,* 03CR1771) The trial court acknowledged that the prior acts were remote in time, however, the court held that the probative value of the testimony significantly outweighed any prejudice arising from the prior act's remoteness. *Id.* Additionally, at trial, the trial judge further reduced the prejudice which could be attributed to Ms. Ahern's testimony by specifically instructing the jury when Ms. Ahern took the stand as to the limited purposes for which her testimony could be used. (Trial Tr., v. 9 at 14, *Kaufman,* 03CR1771; *see also* Jury Instruction No. 8, *Kaufman,* 03CR1771.) Specifically, the court instructed the jury that Ms. Ahern's testimony could be used for "the purpose of showing motive, knowledge, plan, intent , or absence of mistake . . . [and] for no other purpose." *Id.*

Therefore, because the trial court found that the probative value of Ms. Ahern's testimony was not significantly outweighed by the prejudice of the testimony, and further mitigated any prejudicial effect of Mr. Ahern's testimony by instructing the jury as to the limited purpose for which the testimony could be used, Petitioner's trial was not rendered fundamentally unfair. Consequently, the trial court's admission of Ms. Ahern's testimony was not contrary to,

or an unreasonable application of, clearly established federal law. Accordingly, the court finds that Petitioner's second claim for habeas relief is properly denied.

### B.      Fifth Claim—Prosecution's Reference to the Complaining Witness as the "Victim"

Petitioner's fifth claim alleges that the trial court violated his constitutional right to be presumed innocent and invaded the province of the jury by allowing the prosecution to refer to the complaining witness as the "victim." (Application at 6, 15.) The Colorado Court of Appeals denied this claim holding that, even assuming it was error for the trial court to overrule Petitioner's objections to calling the complaining witness the "victim," it was harmless error because the complaining witness was only referred to as the "victim" on three occasions; and the court's jury instructions referred to the child by her name, instructed the jury that Petitioner was to be presumed innocent, and instructed the jury that any reference to the "victim" meant "the person *alleging* to have been subjected to a criminal sexual assault." (Answer, Ex. C at 2–3, emphasis in original.) In their Answer, Respondents also maintain that Petitioner's fifth claim should be denied because Petitioner fails to qualify for habeas relief pursuant to 28 U.S.C. § 2254. (Answer at 11.) In support of this contention, Respondents maintain that no Supreme Court case has ever held that it is error for a prosecutors to refer to a complaining witness as the "victim." (Answer at 11.)

28 U.S.C. § 2254(d) requires that federal habeas courts deny relief that is not contingent upon clearly established federal law, as set forth in the holdings of the Supreme Court, at the

14

time the state court conviction became final. *House v. Hatch,* 527 F.3d 1010, 1015 (10th Cir. 2008); *see also Williams v. Taylor*, 529 U.S. 362, 380 (2000). Therefore a threshold inquiry under § 2254(d)(1) must be whether Petitioner has raised an issue of clearly established federal law. *Id*. at 390. Although the federal law at issue "need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context." *House,* 527 F.3d at 1016–17 (citing *Wright v. Van Patten*, 128 S.Ct. 743, 746 (2008)).

The court does not address whether the Colorado Court of Appeals determination that any error of referring to complaining witness as the "victim" was harmless because Petitioner has failed to point to, and this court is otherwise unable to find, any clearly established federal law, as promulgated by the Supreme Court, that holds that referring to the complaining witness as the "victim" violates a defendant's constitutional rights. *See Server v. Mizell,* 902 F.2d 611, 615 (7th Cir. 1990) (holding that a jury instruction's use of the term "victim" was not prejudicial "as it merely posits that if an act of sexual conduct or sexual abuse occurred, it must have been perpetrated on a victim"); *United States v. Gibson,* 690 F.2d 697, 703 (9th Cir. 1982) (holding that the use of the term "victims" was "fair comment on the evidence"). Therefore, the court finds that the trial court's permitting the prosecution to refer to the complaining witness as the "victim" on three occasions was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, Petitioner' fifth claim for habeas relief is properly denied.

WHEREFORE, for the foregoing reasons, I respectfully RECOMMEND that the habeas corpus application be DENIED and the action be DISMISSED WITH PREJUDICE.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge